IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| REGIONS BANK, *as Indenture Trustee*, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | 1:21-CV-436-RP |
| | § | |
| CRAWFORD HEALTH FACILITIES | § | |
| DEVELOPMENT CORPORATION, | § | |
| LLV1, LP, and CELESTE CARE, LLC, | § | |
| | § | |
| Defendants. | § | |

**ORDER**

Before the Court is the report and recommendation from United States Magistrate Judge Mark Lane concerning Receiver's Motion for Order: (I) Approving Sale Procedures; (II) Authorizing Private Sale of Substantially All Assets of the Receivership Estate; (III) Waiving Certain Requirements of 28 U.S.C. § 2001(b); (IV) Setting a Hearing Date to Confirm a Private Sale; and (V) Approving Form and Manner of Notice, (Dkt. 147). (R. & R., Dkt. 165). Regions Bank, in its capacity as Indenture Trustee, filed a motion to join and support the Receiver's Motion. (Dkt. 152). Pursuant to 28 U.S.C. § 636(b) and Rule 1(d) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas, Judge Lane issued his report and recommendation on December 5, 2023. (R. & R., Dkt. 165). As of the date of this order, no party has filed objections to the report and recommendation.

Pursuant to 28 U.S.C. § 636(b), a party may serve and file specific, written objections to a magistrate judge's proposed findings and recommendations within fourteen days after being served with a copy of the report and recommendation and, in doing so, secure de novo review by the district court. When no objections are timely filed, a district court can review the magistrate's report and recommendation for clear error. *See* Fed. R. Civ. P. 72 advisory committee's note ("When no

timely objection is filed, the [district] court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.").

Because no party has filed timely objections, the Court reviews the report and recommendation for clear error. Having done so and finding no clear error, the Court accepts and adopts the report and recommendation as its own order.

Accordingly, the Court **ORDERS** that the Report and Recommendation of the United States Magistrate Judge, (Dkt. 165), is **ADOPTED**.

**IT IS FURTHER ORDERED** that Receiver's Motion, (Dkt. 147), and Regions Bank's motion to join, (Dkt. 152), is **GRANTED**. The Court orders the following:

- The Receiver's private sale of substantially all the Assets of the Receivership Estate is confirmed as set forth in this order;

- All objections to the Motion or the entry of this order that have not been expressly withdrawn, waived, resolved, or settled are expressly denied and overruled in their entirety;

- The Amended Asset Purchase Agreement is approved in its entirety and is incorporated herein by reference as if set forth fully at length in this order;

- The Receiver is authorized, directed, and empowered to sell substantially all assets of the Receivership Estate free and clear of all Liens in accordance with the Amended Asset Purchase Agreement and this order;

- The Receiver is authorized, directed and empowered to take all actions to consummate the sale of substantially all assets of the Receivership Estate pursuant to and in accordance with the Amended Asset Purchase Agreement and this order, including transferring and conveying same to the Proposed Purchaser;

- The Receiver is authorized, directed, and empowered to consummate and implement fully the Amended Asset Purchase Agreement, together with all additional instruments and documents that may be necessary or desirable to implement and consummate the sale of substantially all assets of the Receivership Estate in accordance with the Amended Asset Purchase Agreement;

- In the Receiver's sole discretion, the Amended Asset Purchase Agreement and any agreements, documents, or other instruments executed in connection with the Amended Asset Purchase Agreement may be modified, amended, or supplemented by the Receiver and Proposed Purchaser in accordance with the terms of the Amended Asset Purchase Agreement without further notice or order of this Court, provided that any such modification, amendment, or supplement does not have a material adverse effect on the Receivership Estate or its creditors;

- The transfer of all assets of the Receivership Estate to the Proposed Purchaser, pursuant to the terms of the Amended Asset Purchase Agreement, shall be free and clear of any and all liens, encumbrances, claims, charges, defenses, offsets, recoupments, and interests on the foregoing and against the foregoing of whatever type or description, including, without limitation, tax claims or tax liens (other than tax liens for real estate taxes, which shall be paid at Closing as more fully set forth in the Amended Asset Purchase Agreement), and any restrictions on or conditions to transfer or assignment, liens, mortgages, security interests, pledges, hypothecations, control agreements, equities and other claims and interests having arisen, existed, or accrued prior to and through the Closing Date, whether direct or indirect, monetary or non-monetary, arising at law or in equity, contract or tort, absolute or contingent, matured or unmatured, voluntary or involuntary, liquidated or unliquidated, of, by,

or against the Proposed Purchased Assets (collectively, the "Liens"), with such Liens to attach to the net proceeds of the sale of the Receivership Estate in accordance with the same validity, priority, and enforceability as existed prior to the sale;

- No party shall have any rights of redemption with respect to any assets of the Receivership Estate sold pursuant to this order;

- The Indenture Trustee's first priority liens on and security interests in all assets sold pursuant to this order shall attach to the proceeds of the sale with the same validity, priority and enforceability;

- The provisions of this order authorizing the sale of substantially all assets of the Receivership Estate free and clear of any Liens shall be and are self-executing, and the Receiver and Proposed Purchaser shall not be required, but are permitted in their discretion, to execute or file releases, termination statements, assignments, consents, or other instruments in order to effectuate, consummate, and implement the provisions of the Amended Asset Purchase Agreement and this order;

- Neither the purchase of substantially all assets of the Receivership Estate nor the subsequent operation of substantially all assets of the Receivership Estate by the Proposed Purchaser shall cause the Proposed Purchaser or its affiliates, successors, or assigns or their respective properties (including substantially all assets of the Receivership Estate) to be deemed a successor in any respect of the Receiver, Borrower, Manager, Receivership Estate's or the Borrower's and Manager's business operations within the meaning of any laws, rules, or regulations relating to any tax, revenue, pension, benefit, ERISA, environmental, labor, employment, products liability, or other law, rule, or regulation of any federal, state, or local government; and

- This Court retains exclusive jurisdiction to (a) enforce and implement the Amended Asset Purchase Agreement and any other agreements, documents, and instruments executed in connection with the Amended Asset Purchase Agreement, (b) resolve any disputes, controversies, or claims arising out of or relating to the Amended Asset Purchase Agreement, this order, or the sale of substantially all assets of the Receivership Estate, and (c) interpret, implement, and enforce the provisions of this order.

**SIGNED** on December 20, 2023.

ROBERT PITMAN
UNITED STATES DISTRICT JUDGE