IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| REGIONS BANK, *as Indenture Trustee*, | § § § | |
| Plaintiff, | § § | |
| v. | § § | 1:21-CV-436-RP |
| CRAWFORD HEALTH FACILITIES DEVELOPMENT CORPORATION, LLV1, LP, and CELESTE CARE, LLC, | § § § § § | |
| Defendants. | § § | |

**ORDER**

Before the Court is the report and recommendation from United States Magistrate Judge Mark Lane concerning Receiver's Motion for Order Approving Final Accounting, Discharging Receiver, and Granting Related Relief, (Dkt. 184). (R. & R., Dkt. 187). Pursuant to 28 U.S.C. § 636(b) and Rule 1(d) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas, Judge Lane issued his report and recommendation on June 18, 2024. (*Id.*). As of the date of this order, no party has filed objections to the report and recommendation.

Pursuant to 28 U.S.C. § 636(b), a party may serve and file specific, written objections to a magistrate judge's proposed findings and recommendations within fourteen days after being served with a copy of the report and recommendation and, in doing so, secure de novo review by the district court. When no objections are timely filed, a district court can review the magistrate's report and recommendation for clear error. *See* Fed. R. Civ. P. 72 advisory committee's note ("When no timely objection is filed, the [district] court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.").

Because no party has filed timely objections, the Court reviews the report and recommendation for clear error. Having done so and finding no clear error, the Court accepts and adopts the report and recommendation as its own order.

Accordingly, the Court **ORDERS** that the Report and Recommendation of the United States Magistrate Judge, (Dkt. 187), is **ADOPTED**.

**IT IS FURTHER ORDERED** that Motion for Order Approving Final Accounting, Discharging Receiver, and Granting Related Relief, (Dkt. 184), is **GRANTED**. The Court orders the following:

1. The Final Accounting attached as Exhibit 1 to the Motion including the $30,000 estimated reserve for the fees and expenses of Receiver and its professionals is **APPROVED**.

2. The Receiver shall make the distributions provided for in the Final Accounting, including payment of all funds remaining in the Receivership Estate to the Indenture Trustee on account of its first priority secured lien on all such proceeds, and, upon making all disbursements set forth in the Final Accounting, the Receiver shall file a notice of final disbursement (including notice of actual versus estimated disbursements) at which time the Receiver shall be immediately discharged from any further duties, responsibilities, or obligations under or pursuant to the Receivership Order, applicable law, or otherwise, without further order of the Court.

3. The disbursements made by the Receiver as set forth in the Final Accounting are with prejudice, not subject to disgorgement, claw back or refund of any kind, binding on all creditors and parties in interest, and all creditors and parties in interest are barred from asserting claims against the Receiver, the Receivership Estate, or any recipients of the distributions set forth in the Final Accounting on account of the distributions set forth in the Final Accounting.

4. Upon the discharge of the Receiver, the Receivership Estate established pursuant to the Receivership Order shall be terminated, without further order of this Court.

5. Upon the discharge of the Receiver, the Receivership Estate shall be deemed fully administered and liquidated.

6. Upon the discharge of the Receiver, the Receiver's authority to manage, operate, or control the assets of the Receivership Estate shall be terminated, without further order of this Court.

7. Upon discharge of the Receiver, the Receiver and its professionals shall be relieved of any further obligations or duties with respect to the assets of the Receivership Estate, without further order of this Court.

8. Upon discharge the Receiver, the Receiver and all professionals retained by the Receiver, including Healthcare Management Partners, LLC and Bradley Arant Boult Cummings LLP, shall be fully and forever released and discharged from any and all liability for acts taken pursuant to and in good-faith compliance with the Receivership Order, including, but not limited to, any and all claims, cross-claims, counterclaims, causes, damages, and actions, of every kind, character, and description, whether direct or indirect, known or unknown, in law or in equity, which any person, entity or party has or will have against the Receiver or any professionals retained by the Receiver or their respective affiliates on account of, arising, or resulting from, or in any manner incidental to, the receivership established by the Receivership Order, the Receiver's actions or inactions in his capacity as Receiver, the Receiver's professionals' actions or inactions in representing the Receiver, the Receiver's possession or use of property of the Receivership Estate, the administration of the Receivership Estate, or any other acts or omissions of the Receiver or the Receiver's professionals.

9. Upon discharge the Receiver, all creditors, investors, and other parties in interest shall be permanently and forever barred, restrained and enjoined from taking any action to impose or seeking to impose liability on the Receiver, all professionals retained by the Receiver and Healthcare Management Partners, LLC, without first obtaining relief to do so from the Court and

only upon a finding by this Court that the Receiver or said persons acted or failed to act as a result of bad faith or gross negligence or in reckless disregard of the Receiver's or said person's professional duties.

10. Upon discharge of the Receiver, the Receiver may dispose of and destroy all records of the Receivership Estate in the possession and control of the Receiver or his agents, after the expiration of 2 years from the date of the Receiver's discharge.

11. Upon discharge of the Receiver, the Receiver, as principal, and Liberty Mutual Insurance Company, as surety, shall be released and discharged from the Bond of Receiver upon the filing of the notice of final disbursement.

12. The Receiver shall serve a copy of the final order on all parties and interested persons and entities served with the Motion.

13. The Court shall retain jurisdiction over any and all matters arising out of or relating to this Order or its enforcement.

**SIGNED** on July 10, 2024.

ROBERT PITMAN
UNITED STATES DISTRICT JUDGE